# IN THE COURT OF APPEALS OF IOWA

No. 14-0662
Filed April 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CARLOS RAFAEL NAVARRETTE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes,

Judge.


        A defendant appeals his conviction for sexual abuse in the second degree

and lascivious acts with a child.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney

General, Michael J. Walton, County Attorney, and Melisa Zaehringer, Assistant

County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

This appeal raises evidentiary issues under an ineffective-assistance-of-counsel rubric.

The State charged Carlos Navarrette with several sexual crimes involving two children. At trial, the State called the children's mother as a witness. The prosecutor asked her what kind of relationship she had with Navarrette. She responded that she "had an abusive relationship." She proceeded to describe instances of abuse and explained why she stayed with Navarrette. Navarrette's attorney did not object to this evidence of prior bad acts. *See* Iowa R. Evid. 5.404(b), 5.403.[1] Navarrette's attorney also did not object to testimony by the younger child that Navarrette was "mean" to her and physically abused and threatened her. The district court found Navarrette guilty of four counts of second-degree sex abuse and one count of lascivious acts with a child.

On appeal, Navarrette contends his trial attorney was ineffective in failing to object to the prior bad acts evidence described above and in failing to object to the district court's findings of fact drawing what he characterizes as unsupported inferences from this evidence. To succeed, Navarrette must show (1) counsel breached an essential duty, and (2) prejudice resulted. *See Strickland v.*

---

1. Iowa Rule of Evidence 5.404(b) states:

   > Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

   Iowa Rule of Evidence 5.403 states:

   > Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Washington*, 466 U.S. 668, 687 (1984). While we normally preserve ineffective-assistance-of-counsel claims for postconviction relief, we find the record adequate to address these claims. *State v. Bumpus*, 459 N.W.2d 619, 627 (Iowa 1990).

We find it unnecessary to decide whether Navarrette's attorney breached an essential duty in failing to object to the evidence of prior bad acts. Even if he did, Navarrette cannot establish the second prong of his claim—*Strickland* prejudice. *See State v. Maxwell*, 743 N.W.2d 185, 196 (Iowa 2008) ("[I]f the claim lacks the necessary prejudice, we can decide the case on the prejudice prong of the test without deciding whether the attorney performed deficiently.")

This prong requires the defendant to establish a reasonable probability of a different outcome. *Strickland*, 466 U.S. at 695-96. "The most important factor under the test for [*Strickland*] prejudice is the strength of the State's case." *State v. Carey*, 709 N.W.2d 547, 559 (Iowa 2006). "A verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 696; *see also State v. Bayles*, 551 N.W.2d 600, 610 (Iowa 1996) (finding no *Strickland* prejudice based on overwhelming evidence in the record).

On our de novo review, we find overwhelming evidentiary support for the district court's findings of guilt. Both children testified at trial. They described several incidents of sexual abuse over a lengthy period of time. The district court, as fact-finder, found both witnesses credible, citing their demeanor at trial. Their testimony was consistent with the testimony of the medical director of a child protection response center, who recounted the children's narratives on

being seen by staff. Their testimony also was consistent with their mother's description of the abuse. While the defense attacked the mother's testimony on several fronts, the district court rejected these efforts to impugn her credibility. We give weight to the district court's credibility findings. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

In light of this overwhelming evidence, there is no reasonable probability the outcome of trial would have been different had Navarrette's attorney objected to the prior bad acts evidence or objected to the district court's inferences drawn from the record. Because *Strickland* prejudice was not established, Navarrette's ineffective-assistance-of-counsel claims fail.

We affirm Navarrette's judgment and sentence for four counts of second-degree sexual abuse and one count of lascivious acts with a child.

**AFFIRMED.**